# Hodder, Appellant, *v.* Hogg.

*Equity—Findings of fact—Corporations—Officers—Salaries—Stock-holder's bill.*

Where on a bill in equity to restrain a corporation from paying salaries to its officers alleged to be unauthorized and excessive, the court finds as a fact that the salaries were authorized by the unanimous action of the directors at a regular meeting at which plaintiff was present, that the plaintiff as an officer accepted the increased salary, and that the salaries were not unusual or excessive, such findings will not be reversed by the Supreme Court where there is ample evidence to sustain them.

Argued Oct. 19, 1910. Appeal, No. 48, Oct. T., 1910, by plaintiff, from decree of C. P. No. 2, Allegheny Co., July T., 1909, No. 416, dismissing bill in equity in case of William Titus Hodder v. George Hogg et al. Before FELL, C. J., MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Bill in equity for an injunction. Before SHAFER, J.

*Error assigned* was decree dismissing the bill.

*James Balph*, with him *R. A. Balph* and *Robert M. Ewing*, for appellant.

*W. B. Rodgers*, with him *Joseph F. Mayhugh*, for appellees.

PER CURIAM, January 3, 1911:

This bill was by a stockholder to restrain the directors of a corporation from paying certain increased salaries to the officers on the ground that the increase was not made by any proper action of the board of directors, that the salaries fixed were grossly excessive and out of all proportion to the value of the services and a fraud upon the plaintiff. The findings of fact are that the increase

was made by the unanimous action of the directors at a regular meeting of the board at which the plaintiff, who was a director, was present; that as vice president of the company he received the increased salary until his connection with the company as an officer thereof ended; that it was not shown that the salaries paid were unusual or excessive or more than the services rendered were worth. There was ample evidence to sustain these findings and they are conclusive of the controversy.

The decree dismissing the bill is affirmed at the cost of the appellant.